Heir apparent, etc., in the return is well enough, for it is secundumformam. The sheriff returned two garnishees, which ought to have several garnishments; yet as he said secundum exigentiam brevis, it was held well enough. But to the main point: The first part of the *Page 706 
condition may be limited to a stranger, but the benefit of the penalty to none but the feoffor. 33 H., 8. The entry upon condition is given to the Crown, why should not the rent follow? *5 Rep., Mallorie's case. The conusee of a fine, before attornment bargained and sold; the bargainee shall not distrain without attornment, because the conusee could not. So if the tender be limited to the Chief Justice, the King shall not have it, but on performance he shall have the advantage of it by entry. If there be lessee for life, on condition to have the fee or tender of a ring, and he be attained of treason, this shall not be forfeited to the King, because it is annexed to the privity of the estate.
To the forfeiture of the condition in this case, these objections have been made. (1) Because it is, if he the said Shelley do tender. Clearly if it is only a tender, it shall be forfeited. As to Comb's case, that he cannot make a lease of land by attorney, I agree. But here it is not a lease of the land, but a declaration of the first use, and the lessee is in by the original agreement, or the first feoffment, as in Whitlock's case, 8 Rep.
(2) The second objection is, that after the attainder, Gulielm Shelley might have performed the condition. I admit this, but the King also may, as in Littleton. Feoffment on condition, that if the feoffee pay, the first or second feoffee may pay. But I say that the condition is forfeited, and Gulielm Shelley cannot perform it, because it is transferred from him,aliter when the condition is personal.
(3) The third objection (ipso declarante) is no more than the law implies. 22 Eliz., Gresham's case. 3 Jac., in Scaccario, Clinch, Church andWilliams' case, the case was: the Abbot of Strata Marcel made a lease, rendering rent on condition that if the rent be in arrear and faithfully demanded, etc., the lessor may reenter the reversion came to the Crown, the rent being in arrear, the King entered, and adjudged well; because the demand is no more than the law implies, and the judgment was affirmed on a writ of error in the Exchequer. But if in this case it had been that in case the said Gulielm Shelley should declare, perhaps it would not have been forfeited, because it would have been annexed to the person.